IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDONALD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MICHAEL DALY,<br><br>　　　　Respondent.　　　　　　　／ | No. C 15-3654 WHA (PR)<br><br>**ORDER DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, a California probationer, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He claims that his conviction for offering to sell a substance in lieu of a controlled substance violates his right to due process because it is not supported by sufficient evidence for a reasonable jury to find him guilty beyond a reasonable doubt. Respondent was ordered to answer, and he has done so. Petitioner filed a supplement to his petition and a traverse. All of these papers have been considered, and for the reasons discussed below, the petition is **DENIED.**

## STATEMENT

I.　PROCEDURAL BACKGROUND

In 2012, petitioner was convicted after a bench trial in Marin County Superior Court of offering to sell a substance in lieu of a controlled substance (Cal. Health & Saf. Code 11382), and he was sentenced to three years of supervised probation. He was acquitted on charges of possession of a precursor chemical, phenylpropanolamine, for sale to persons intending to manufacture methamphetamine. His appeals to the California Court of Appeals and the

California Supreme Court, in which he raised the same claim raised here, were denied. Thereafter, petitioner filed the instant petition.

II.  FACTUAL BACKGROUND

In February 2011, police officers received a report from an anonymous informant that petitioner was selling ephedrine, a chemical used to make methamphetamine, out of his store "Pleasure Principle" in Mill Valley California. Anthony Souza, an undercover agent, went to the store on February 28 and March 7, 2011, and bought ephedrine and phenylpropanolamine from petitioner. On the latter occasion, Souza asked if petitioner sold "the other stuff," by which he meant methamphetamine. Petitioner said that he did, and when Souza asked for a sample, petitioner gave him a small pinch of off-white powder from a gallon-size plastic bag. The sample was tested later and found to contain no methamphetamine or other controlled substances.

On March 21, 2011, Souza returned to petitioner's store and they discussed his purchase of a pound of the powdery substance he had sampled for $16,000, along with eight pounds of ephedrine for another $12,000. The next day Souza called petitioner and arranged to make the purchase the following day. On March 23, 2011, Souza returned to petitioner's store. Petitioner put bags of substances on the counter. One of these bags contained an off-white powdery substance, whereas the substance in the rest of the bags was chunky or brick-like. Souza asked if the bag with the powder in it was "the crank," or "the special one," and petitioner answered, "that's logical." Souza said that it looked like the same bag from which he had received the sample, and petitioner answered that it was. Souza cautioned petitioner that there was hole in the bag and it should be double-bagged. At trial, this bag was labeled item 7. Souza then stated that he was satisfied, told petitioner that he was going to get the money which was in his car, and left the store.

Souza indicated that there was poor lighting in the store, which made it difficult to distinguish the various bags containing the ephedrine and the bag purportedly containing methamphetamine. He testified that when he left the shop, neither he nor petitioner were certain whether the methamphetamine was in the store. Souza's best guess was that item 7 was

2

the bag that petitioner purported had methamphetamine.

After Souza left the store, police officers entered the with a search warrant. They found item 7 behind the counter. Souza returned to the store and told the investigator that the powdery substance in item 7 matched the sample he had received from petitioner. The substance was later tested and found to contain no controlled substances. The police also seized additional bags of substances from around the store, five of which were tested and found to contain phenylpropanolamine and lidocaine. Petitioner was arrested.

## ANALYSIS

### I. STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

3

1  erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529
2  U.S. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask
3  whether the state court's application of clearly established federal law was "objectively
4  unreasonable." *Id*. at 409.

II.  INSUFFICIENT EVIDENCE

Petitioner claims that there is insufficient evidence to support his conviction for offering to sell a substance in lieu of a controlled substance in violation of Section 11382 of the California Health and Safety Code.  A state prisoner states a constitutional claim if he alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 321-24 (1979).  A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt.  *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992).  The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ibid.* (quoting *Jackson*, 443 U.S. at 319).  Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *Jackson*, 443 U.S. at 324.  After AEDPA, a federal habeas court applies the standards of *Jackson* with an additional layer of deference. *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).  Generally, a federal habeas court must ask whether the operative state court decision reflected an unreasonable application of *Jackson* to the facts of the case. *Id.* at 1275 (quoting 28 U.S.C. 2254(d)).

Section 11382 provides:

> Every person who agrees, consents, or in any manner offers to unlawfully sell, furnish, transport, administer, or give any controlled substance which is [] specified in [Section 11055(d) – including methamphetamine], to any person [] and then sells, delivers, furnishes, transports, administers, or gives, or offers, or arranges, or negotiates to have sold, delivered, transported, furnished, administered, or given to any person any other liquid, substance, or material in lieu of that controlled substance shall be punished by imprisonment in the county jail for not more than one year, or pursuant to [Section 1170 of the California Penal Code].

As explained by the California Court of Appeal — and not disputed here — Section

1 11382 is a general intent crime and does not require a specific intent to substitute an illegal drug
2 with some innocuous material. *People v. McDonald*, No. A136903, slip op. at 7 (Cal. Ct. App.
3 May 30, 2014) (attached to Resp. Exh. D) (citing *People v. Haines*, 53 Cal. App. 3d 496, 498
4 (1975); *People v. Northern*, 256 Cal.App.2d 28, 35 (1967)). "'The section is violated if there is
5 an offer of a narcotic and subsequent delivery of a nonnarcotic substance.'" *Ibid.* (quoting
6 *Northern*, 256 Cal.App.2d at 35). In this context, moreover, "delivery" of an item can occur
7 without transfer of possession. *Ibid.* (citing *People v. Ernst*, 48 Cal.App.3d 785, 788-92 (1975)
8 ("delivery" occurred where parties negotiated sale, agreed on price, and undercover officer
9 accepted sample of substance)).

10       The California Court of Appeal reasonably concluded that a reasonable trier of fact
11 could have found beyond a reasonable doubt that petitioner offered to sell a controlled
12 substance and then delivered a non-controlled substance, within the meaning of Section 11382.
13 Petitioner does not dispute that he offered to sell Souza methamphetamine. There was also
14 substantial evidence that petitioner gave Souza a sample of what was purported to be
15 methamphetamine, that they agreed Souza would buy methamphetamine from petitioner, that
16 they agreed the price would be $16,000 for one pound, and that they agreed Souza would go to
17 his car and return with the money in exchange for the methamphetamine. Under California law,
18 this sufficient to constitute "delivery" under Section 11382 because they negotiated a sale,
19 agreed on a price, exchanged a sample, and agreed Souza would leave and come back with the
20 money to complete the sale. *See Ernst*, 48 Cal.App.3d at 788-92.

21       Petitioner argues that there was not sufficient evidence of a delivery because no specific
22 bag was clearly the bag that purportedly contained methamphetamine. That does not matter
23 because as long as there was an offer to sell methamphetamine (which petitioner concedes) and
24 "delivery" of *any* bag not containing a controlled substance (of which there was sufficient
25 evidence), then Section 11832 was violated under California law. In addition, there was in fact
26 sufficient evidence that item 7 — i.e. the bag containing the off-white, powdery substance, had
27 a hole in it, and was later double-bagged — was the bag that petitioner represented contained
28 the methamphetamine. Specifically, petitioner confirmed that the substance inside that bag was

5

"crank" and the "special one," and he also confirmed that it was the bag from which he had previously given the sample of what he represented to be methamphetamine. There was sufficient evidence that petitioner "delivered" item 7 under California law, as explained above, and there is no dispute that the substance inside did not contain a controlled substance.

Petitioner also argues that neither he nor Souza were certain as to which bag purportedly had methamphetamine, and there was a possibility that petitioner intended to tender a bag different than item 7. The possibility that petitioner intended to sell a bag other than item 7 does not preclude the trier of fact from reasonably concluding otherwise, which is the dispositive question on federal habeas review under *Jackson*. Moreover, their certainty and intentions about which bag purportedly had the methamphetamine is not relevant because the crime is a general intent crime that does not require a showing that petitioner specifically intended to replace methamphetamine with a non-controlled substance. There was sufficient evidence that petitioner offered methamphetamine and "delivered" a non-controlled substance, which is all that is required under California law for a violation of Section 11832.

Accordingly, the state court's denial of petitioner's claim was neither contrary to nor an unreasonable application of federal law.

## CONCLUSION

For the foregoing reasons, the petition is **DENIED**.

A certificate of appealability will not issue because reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the United States Court of Appeals.

The clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: September   19  , 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE